**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern_____ District of New York_____
                              (State)

Case number (*if known*): _____ Chapter 7____

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**
   
   Flywheel Sports Parent, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   8 2 _ 3 2 6 9 1 1 4

4. **Debtor's address**

   **Principal place of business**

   53 West 23rd Street
   Number     Street

   9th Floor

   New York          NY    10010
   City              State  ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   Number     Street

   P.O. Box

   City          State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number     Street

   City          State   ZIP Code

5. **Debtor's website** (URL)    https://www.flywheelsports.com

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                                MM / DD / YYYY

         District _____   When _____   Case number _____
                                                MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No   See Exhibit 1

☑ Yes.   Debtor _____   Relationship _____

         District _____   When _____
                                                MM / DD / YYYY

         Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number      Street

                            _____

                            _____
                            City                         State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

       Contact name _____

       Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/14/2020
              _____
              MM / DD / YYYY

✘ /s/ Travis Frenzel
_____
Signature of authorized representative of debtor

Travis Frenzel
_____
Printed name

Title   President
        _____

**18. Signature of attorney**

✖ /s/ Todd C. Meyers                              Date    09/14/2020

Signature of attorney for debtor                          MM   / DD  / YYYY

Todd C. Meyers

Printed name

Kilpatrick Townsend & Stockton LLP

Firm name

The Grace Building, 1114 Avenue of the Americas

Number        Street

New York                                          NY        10036

City                                              State      ZIP Code

212-775-8766                                      tmeyers@kilpatricktownsend.com

Contact phone                                     Email address

5502596                                           NY

Bar number                                        State

**EXHIBIT 1**

**PENDING OR CONCURRENT BANKRUPTCY CASES FILED
BY THE DEBTOR AND ITS AFFILIATES**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 7 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

| Entity Name | Case Number | Judge |
|---|---|---|
| Flywheel Sports Parent, Inc. | Not yet assigned | Not yet assigned |
| Flywheel Sports, Inc. | Not yet assigned | Not yet assigned |
| Flywheel Astor Place LLC | Not yet assigned | Not yet assigned |
| Flywheel Buckhead LLC | Not yet assigned | Not yet assigned |
| Flywheel CCDC, LLC | Not yet assigned | Not yet assigned |
| Flywheel Nm LLC | Not yet assigned | Not yet assigned |
| Flywheel Park Avenue LLC | Not yet assigned | Not yet assigned |
| Flywheel Playa Vista, LLC | Not yet assigned | Not yet assigned |
| Flywheel San Francisco, LLC | Not yet assigned | Not yet assigned |
| Flywheel Topanga, LLC | Not yet assigned | Not yet assigned |
| Flywheel Walnut Creek LLC | Not yet assigned | Not yet assigned |
| Flywheel Sports Scottsdale, LLC | Not yet assigned | Not yet assigned |
| Flywheel Santa Monica, LLC | Not yet assigned | Not yet assigned |
| Flywheel Williamsburg LLC | Not yet assigned | Not yet assigned |
| Flywheel Domain LLC | Not yet assigned | Not yet assigned |
| Flywheel Denver Union Station, LLC | Not yet assigned | Not yet assigned |

# United States Bankruptcy Court
## Southern District of New York

In re: Flywheel Sports Parent, Inc.,                Case No. _____

                          Debtor.                Chapter 7

### VERIFICATION OF CREDITOR MATRIX

      The undersigned debtor hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his knowledge.


9/14/2020                                        /s/ *Travis Frenzel*_____
Date                                              Travis Frenzel, President

Abigail P Seldin
1571 Oceanview Dr
Tierra Verde, FL 33715


Adam Neumann
41 W 11 St
New York, NY 10006


Adam Rosenbaum
34 Clinton Ave
Ridgewood, NJ 07450


Affiliated FM Insurance Company
P.O. Box 7500
Johnston, RI 2919


Airfin SRL
San Lorenzo 12, Piso 1 Dpto 7
Mendoza, 5500
Argentina


Akin Gump Strauss Hauer & Feld LLP
Attn: Daniel I. Fisher, Esq. and
Jason P. Rubin, Esq.
One Bryant Park, B of A Tower
New York, NY 10036

Ammirati Cycles LLC
33 SW 15th Ct
Boca Raton, FL 33486

Ann Kelman
631 S Ocean Blvd
Boca Raton, FL 33432

Bainbridge Brothers LLC
251 Little Falls Dr
Wilmington, DE 19808

Bella Silverberg
644 Kimball Ave
Wfield, NJ 07090

Benvolio Ventures LLC - Series Flywheel
c/o Corporate Trust Center
1209 Orange St
Wilmington, DE 19801

BlueM Flywheel, LLC
850 New Burton Rd, Ste 201
Dover, DE 19904

Brad Langston
11 North Moore St, Apt 2A
New York, NY 10013


Christine L Bainer
473 Broome St, Apt 4
New York, NY 10013


Chugach Enterprises I LLC
c/o AJ Wealth
Attn: Eric Gabor
30 Broad St, Fl 29
New York, NY 10004


Continental Casualty Company
c/o Open Brokerage Global Specialty Line
Attn: CAN Insurance Co
125 Broad Street, 8th Fl
New York , NY 10004


Cortland Capital Market Services LLC
225 W. Washington St., 9th Floor
Chicago, IL 60606


Courtney L Corleto
20 W 11th St
New York, NY 10011

Dana Rasmussen
127 W 82nd St, Apt 4A
New York, NY 10024


David E Simon
625 Park Ave
New York, NY 10065


David E Simon and Jacqueline S Simon Charitable Trust
625 Park Ave
New York, NY 10065


David Seldin
1571 Oceanview Dr
Tierra Verde, FL 33715


Debra Heinrich
9 Train Band Rd
Bedford, NY 10506


Debrah Herman
15905 Prince William Pl
Odessa, FL 33556

Eric Hadley
P.O. Box 1033
23 Mulford Lane
Sag Harbor, NY 11963

Eugene Remm
426 W 14th St, 6th Fl
New York, NY 10014

Ezekiel A Seldin
1571 Oceanview Dr,
Tierra Verde, FL 33715

Flywheel Partners LLC
90 Broad St, Ste 2400
New York, NY 10004

FW AIV, LLC
c/o Cogency Global Inc
850 New Burton Rd, Ste 20
Dover, DE 19904

FW Investment Partners, LLC
515 Madison Ave, Fl 13
New York, NY 10022

Gavin Galluzzo Trust
79 Laight St, Unit 1B
New York, NY 10013

GEF-PNOUE, LP
550 N Tryon St, Ste 3500
Charlotte, NC 28202

GFT Investments, LLC
c/o Shearman & Sterling LLP
599 Lexington Ave, Ste 1316
New York, NY 10022

Harlan Waksal
7 North Willow St
Montclair, NJ 07042

Harper S Seldin
1571 Oceanview Dr
Tierra Verde, FL 33715

Hartford Underwriters Insurance Company
c/o The Hartford Business Service Ctr
3600 Wiseman Blvd
San Antonio, TX 78251

Holland & Knight LLP
Attn: Joshua M. Spencer, Esq. and
Anthony J. Amorini, Esq.
31 W 52nd St., 12th Floor
New York, NY 10019


Holly Rilinger
300 W 21st St, Unit 43
New York, NY 10011


Howard 2006 Gift Trust FBO Eliza S Howard
Attn: Safeena Ishmael
80 Irving Place
New York, NY 10003


Howard 2006 Gift Trust FBO Molly I Howard
Attn: Safeena Ishmael
80 Irving Place
New York, NY 10003


Ian Bickley
1 Westfield Rd
Bedford, NY 10506


IPFS of New York, LLC
P.O. Box 412086
Kansas City, MO 64141-2066

Jacob A Spitz
316 W 81st St, Unit 8
New York, NY 10024


Jay Galluzzo
14 Wooster St
New York, NY 10013


Jeff Rudes
3/4 N Doheny Dr
Los Angeles, CA 90069


Jesse S Alexander
401 E 81st Apt 3L
New York 10028


John Huffsmith
825 10th St Nw, Apt 1065
Washington, DC 20001


Jonathan Canarick
411 W End Ave, Unit 60
New York, NY 10024

Kennedy Lewis Investment Management, LLC
80 Broad Street, Suite 2200
New York, NY 10004


Kravis Investment Partners LLC
9 W 57th St, Unit 4200
New York, NY 10019


Laurie M Tisch
834 5th Ave
New York, NY 10065


Lockton Insurance Brokers, LLC
1185 6th Ave
New York, NY 10036


Michael Davis
PO Box 69
Wainscott, NY 11975


Michael Nugent
360 Furman St, Apt 1042
Brooklyn, NY 11201

Nicholas L Giannuzzi
411 W 14th St, 4th Fl
New York, NY 10014

Noah Leichtling
176 W 87th St, Unit 3B
New York, NY 10024

Noah Tepperberg
101 W 12 St, Unit 21L
New York, NY 10011

OneSix Red LLC
46 Wilmot St
San Francisco, CA 94115

PENSCO Trust Company, Custodian FBO Catherin Bowtell
11 Parsons Walk
Darien, CT 06820

Philadelphia Indemnity Insurance Company
One Bala Plaza, Ste 100
Bala Cynwyd, PA 19004

Rob Ristau
10 Downing St, Apt 4M
New York, NY 10014


Robert Julius
63 Lismore Lane
Greenwich, CT 06831


Robin Moraetes
904 W Armitage Ave
Chicago, IL 60614


Ruth Zukerman
320 Central Park W 9K
New York, NY 10025


Samantha Fleisher
11 5th Ave, Apt 6E
New York, NY 10003


Sandra Dodd
221 Pompano Dr Se, Apt B
St Petersburg, FL 33705

Seth Horowitz
200 W End Ave Apt 15F
New York, NY 10023


Shannon Tracey
8 Mcguirk St
East Hampton, NY 11937


Sherri Shapiro
110 Westview Rd
Short Hills, NJ 07078


Simon 8/4/70 Trust FBO David E Simon
P.O. Box 78485
Indianapolis, IN 46278


Stacey A Seldin
1571 Oceanview Dr
Tierra Verde, FL 33715


Starr Indemnity & Liability Company
399 Park Ave
New York, NY 10022

Steven Roth
888 7th Ave
New York, NY 10019

Stone Canyon Industries, LLC
1875 Century Park E, Unit 320
Los Angeles, CA 90067

Thor Flywheel LLC
25 W 39th St
New York, NY 10018

Thunderball House, LLC
101 Warren St, Apt 3060
New York, NY 10007

Tracy McIntosh
1429 S Denver Ave
Boise, ID 83706

T-Three Active LLC
6 Sloanes Court
Sands Point, NY 11050

William A Danoff
19 Lowerfield Rd
Won, MA 02493


William Henning
7207 Spruce Ave
Takoma Park, MD 20912

**UNANIMOUS WRITTEN CONSENT IN LIEU OF A MEETING OF
THE BOARD OF DIRECTORS OF FLYWHEEL SPORTS PARENT, INC.**

**September 14, 2020**

THE UNDERSIGNED, being all of the members of the Board of Directors (the "Board") of Flywheel Sports Parent, Inc., a Delaware corporation (the "Corporation"), do hereby waive notice for a meeting and do hereby consent to the adoption of the following resolutions, which resolutions shall be deemed to be adopted as of the date on which the last director's signature was obtained and to have the same force and effect as if such resolutions were adopted by unanimous vote of the Board at a duly convened meeting held for such purpose, all in accordance with Section 141(f) of the general corporation law of the State of Delaware (the "DGCL"):

WHEREAS, the Board has considered the business and financial conditions and results of operations of the Corporation on the date hereof, including the assets and liabilities of the Corporation; and

WHEREAS, the Board has reviewed, considered and received the recommendations of the senior management of the Corporation and the Corporation's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under Chapter 7 of Title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.,* the "Bankruptcy Code"); and

WHEREAS, based on factors and information deemed relevant by the Board, in the judgment of the Board, it is in the best interests of the Corporation, as well as the best interests of the Corporation's creditors and other interested parties under the circumstances set forth herein, that the Corporation file a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of the Corporation.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors and other parties in interest, taken as a whole, that the Corporation file or cause to be filed a voluntary petition for relief under the provisions of Chapter 7 of the Bankruptcy Code; and

RESOLVED FURTHER that Travis Frenzel (the "Authorized Officer") be and hereby are authorized to: (i) execute and file (or direct others to do so on their behalf as provided herein) on behalf of the Corporation a petition under Chapter 7 of the Bankruptcy Code with a United States Bankruptcy Court in such form and at such time as the Authorized Officer shall determine and (ii) execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers related thereto, and (iii) employ and retain all assistance of legal counsel, accountants or other professionals and to take any and all actions which he deems to be necessary and proper in connection with the Chapter 7 case; and

RESOLVED FURTHER that the Authorized Officer, and any employees or agents (including counsel) designated by or directed by the Authorized Officer, shall be, and each hereby is, authorized and directed to take all steps and do all acts and things, including the execution and delivery of documents, as may be necessary or as may be deemed to be necessary, advisable or appropriate by the Authorized Officer to effectuate the purposes and intents of the foregoing resolutions; and

RESOLVED FURTHER that any and all acts taken and any and all certificates, instruments, agreements, or other documents executed on behalf of the Corporation by the Authorized Officer of the Corporation prior to the adoption of these resolutions with regard to any of the transactions, actions, certificates, instruments, agreements, or other documents authorized or approved by the foregoing resolutions be, and hereby are, in all respects, ratified, confirmed, adopted, and approved; and

RESOLVED FURTHER that any specific resolutions that may be required to have been adopted by the Board to effectuate the matters and transactions contemplated by the foregoing resolutions be, and they hereby are, adopted, and the directors, officers, and authorized representatives of the Corporation be, and each of them acting alone hereby is authorized, in the name of and on behalf of the Corporation to certify as to the adoption of any and all such resolutions; and

RESOLVED FURTHER that the Authorized Officer shall be, and hereby is, authorized and empowered on behalf of the Corporation and in its name to take or cause to be taken all actions and to execute and deliver all such instruments that such Authorized Officer determines are necessary or desirable in connection with or in furtherance of the foregoing resolutions; and

RESOLVED FURTHER that this consent may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes.

DocuSign Envelope ID: 77E48307-1319-49A8-8C77-D608BF945778

IN WITNESS WHEREOF, the undersigned certify to the foregoing resolutions as of the 14th day of September, 2020.

DIRECTORS

Name: James Continenza

_____

Name: Darren Richman

_____

Name: David Chene

_____

Name: Anthony Pasqua

_____

Name: Brian Dubin

IN WITNESS WHEREOF, the undersigned certify to the foregoing resolutions as of the 14th day of September, 2020.

DIRECTORS

_____
Name: James Continenza

_____
Name: Darren Richman

_____
Name: David Chene

_____
Name: Anthony Pasqua

_____
Name: Brian Dubin

# United States Bankruptcy Court
## Southern District of New York

In re: Flywheel Sports Parent, Inc.,         Case No. _____

            Debtor.           Chapter 7

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for Flywheel Sports Parent, Inc. in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

| Equity Security Holder | Address | Percentage of Shares |
|---|---|---|
| FW AIV, LLC | c/o Cogency Global Inc.<br>850 New Burton Road, Suite 20<br>Dover, DE 19904 | 74.73% |
| Benvolio Ventures LLC - Series Flywheel | c/o Corporate Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | 14.33% |

9/14/2020              /s/ *Todd C. Meyers*
Date                     Todd C. Meyers (5502596)
                           Kilpatrick Townsend & Stockton LLP
                           1114 Avenue of the Americas
                           New York, NY 10036-7703
                           Telephone: (212) 775-8700
                           Facsimile: (212) 775-8800
                           Email: tmeyers@kilpatricktownsend.com
                           *Counsel for the Debtor*

# United States Bankruptcy Court
## Southern District of New York

In re: Flywheel Sports Parent, Inc.,           Case No. _____

           Debtor.           Chapter 7

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept        $80,070.76_____

Prior to the filing of this statement I have received    $80,070.76_____ [1]

Balance Due                       $0_____

2.  The source of the compensation paid to me was:

       ☐ Debtor      ☒Other: Flywheel Sports, Inc.

3.  The source of compensation to be paid to me is:

       ☒ Debtor      ☐ Other (specify)

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

      a. Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

---

[1] The amounts reflected herein were received in connection with the collective filings of the following debtors, which filed petitions for relief under chapter 7 contemporaneously herewith: Flywheel Sports, Inc., Flywheel Sports Parent, Inc., Flywheel Astor Place LLC, Flywheel Buckhead LLC, Flywheel CCDC, LLC, Flywheel NM LLC, Flywheel Park Avenue LLC, Flywheel Playa Vista, LLC, Flywheel San Francisco, LLC, Flywheel Topanga, LLC, Flywheel Walnut Creek LLC, Flywheel Sports Scottsdale, LLC, Flywheel Santa Monica, LLC, Flywheel Williamsburg LLC, Flywheel Domain LLC, and Flywheel Denver Union Station, LLC (the "Debtors"). Prior to the filing of the chapter 7 petitions of each of the above referenced Debtors, Kilpatrick Townsend & Stockton LLP received $419,929.24, in connection with other services rendered to the Debtors.

b. Preparation and filing of any petition, schedules, and statements of affairs which may be required; and

c. Representation of the debtor at the meeting of creditors and any adjourned hearings thereof.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

a. Representation of the debtor in adversary proceedings and other contested bankruptcy matters.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

9/14/2020
*Date*

/s/ Todd. C. Meyers
*Signature of Attorney*

Kilpatrick Townsend & Stockton LLP
*Name of law firm*