UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————x
In re

                          Chapter 7

Flywheel Sports Parent, Inc., *et al.*,       Case No. 20-12157 (JLG)

         Debtors.[1]         Jointly administered
——————————————————————x

## ORDER GRANTING TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING REJECTION OF LEASES AND ABANDONMENT OF LEASEHOLD CONTENTS

Angela Tese-Milner, Esq., the Chapter 7 Trustee (the "**Trustee**") of the Chapter 7 estates of Flywheel Sports Parent, Inc., and its affiliated companies (the "**Debtors**"), by her attorneys, the Law Firm of Tese & Milner, having filed an application on November 5, 2020, pursuant to Sections 365(g) and 554 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (ECF No. 32) (the "**Application**"), for an order authorizing her to reject the unexpired leases of non-residential real property listed in Exhibit A to the Application (each a **"Lease" and collectively the "Leases**"), *nunc pro tunc* to the Petition Date (September 14, 2020) and to abandon the leaseholds' contents; and the Trustee having determined in the exercise of her business judgment that the Leases should be rejected and the leaseholds' contents should be abandoned, and due and proper notice of the Application having been provided to the landlord under each Lease (each a **"Landlord," collectively the "Landlords"**); and the Application having been resolved by stipulations approved by the Court to the extent it seeks authorization to reject (a) the Lease of CRG ACP, LLC, c/o PGIM Real

---

[1] The 16 affiliated debtors and their applicable case numbers are as follows: Flywheel Sports Parent, Inc. (20-12157), Flywheel Sports, Inc. (20-12158), Flywheel Denver Union Station, LLC (20-12159), Flywheel Astor Place LLC (20-12160), Flywheel Buckhead LLC (20-12161), Flywheel CCDC, LLC (20-12162), Flywheel NM LLC (20-12163), Flywheel Domain LLC (20-12164), Flywheel Playa Vista, LLC (20-12165), Flywheel Park Avenue LLC (20-12166), Flywheel San Francisco, LLC (20-12167), Flywheel Santa Monica, LLC (20-12168), Flywheel Williamsburg LLC (20-12169), Flywheel Topanga, LLC (20-12170), Flywheel Sports Scottsdale, LLC (20-12171), and Flywheel Walnut Creek LLC (20-12172).

Estate for the premises located at 1180 West Peachtree Street, Suite 150, Atlanta GA 30309, and (b) the license agreement between Beacway Operating, LLC, as successor to Beacon Broadway Co., LLC for the basement area on the property known as "Beacon Hall" (ECF Nos. 72 & 74); and the following Landlords, each a party to one or more Leases (each such Lease, an "**Objecting Landlord Lease**") having filed objections or limited objections to the Application: Twenty Three R.P. Associates and Holly Management, Inc. (ECF. No. 40), BP Prucenter Acquisition LLC (ECF No. 42), 245 West 17th Street Property Investors II, LLC and 150 Amsterdam Avenue Holdings LLC (ECF No. 48), 1151 Third Ave LLC (ECF No. 50), Roseland/Stempel 21st Street Associates, LLC (ECF No. 54), and JSM Associates l LLC (ECF No. 56) (each, an "**Objecting Landlord**", and collectively, the "**Objecting Landlords**"); and the remaining Landlords (the "**Non-Objecting Landlords**") not having filed objections or limited objections to the Application; and the Court having conducted hearings on the Application on December 1, 2020 and December 7, 2020 (collectively, the "**Hearing**") at which only the Trustee, the Objecting Landlords, and respective counsel appeared; and the Court incorporating the record of the Hearing herein; now therefore, it is

ORDERED that the Application is GRANTED to the extent set forth herein; and it is further

ORDERED that the Leases of the Non-Objecting Landlords, be and hereby are, rejected *nunc pro tunc* effective the Petition Date (the "**Non-Objecting Landlord Rejection Date**"); and it is further

ORDERED that the Objecting Landlords' Leases be, and hereby are, rejected effective December 1, 2020 (the "**Objecting Landlord Rejection Date**," with Non-Objecting Landlord Rejection Date, the "**Rejection Date**"); and it is further

ORDERED that the contents of the leaseholds be and hereby are abandoned free and clear of all liens, claims, encumbrances and interests, including but not limited to the secured lien of Cortland Capital Market Services LLC, as administrative agent (in such capacity, the "**First Lien Agent**") and FW AIV LLC and the other lender parties thereto from time to time (the "**First Lien Lenders**") under that certain Credit Agreement dated as of June 15, 2018 (as amended, restated, supplemented, waived, or otherwise modified from time to time) by and among (i) Flywheel Sports, Inc. (ii) the guarantor parties thereto, (iii) the First Lien Agent, and (iv) the First Lien Lenders, as consented to on the record of the Hearing; and it is further

ORDERED that, pursuant to section 554(a) of the Bankruptcy Code, any and all property of the Debtors remaining at the leaseholds as of the Rejection Date shall be deemed abandoned to the respective Landlord with respect to each Lease as of the Rejection Date, free and clear of any liens, claims, encumbrances, and interests of any party, including, but not limited to the Debtors, their estates, the Trustee, the First Lien Agent, and the First Lien Lenders. The Landlords have the right to and are free, notwithstanding the automatic stay, to dispose of any abandoned property remaining at their leaseholds without any notice or further order of the Court. Further, the Landlords shall not be liable to the Trustee, the Debtors, their estates, or any third parties, including but not limited to the First Lien Agent or Fist Lien Lenders, for the disposition of any or all of such property remaining on their premises after the Rejection Date; and it is further

ORDERED that, the entry of this Order shall be without prejudice to the right of any Landlord to assert a claim for the cost of removal and disposal of the abandoned property, for damage to their premises, or for any other claims under or related to a Lease or their premises related to the abandonment of the abandoned property, and for the Trustee to object to any such claim, and such rights are fully reserved; and it is further

ORDERED that the Objecting Landlords are each entitled to assert a claim (a "**365(d)(3) Claim**") for administrative rent for the period from September 14, 2020 through December 1, 2020, pursuant to Section 365(d)(3) of the Bankruptcy Code. The Objecting Landlord shall file such claim (which may include additional rent and other charges authorized under the applicable Lease and the Bankruptcy Code) (an "**Objecting Landlord 365(d)(3) Claim**") within forty-five (45) days of entry of this Order (the "**Objecting Landlord 365(d)(3) Bar Date**"). For the avoidance of doubt, Non-Objecting Landlords are barred from asserting 365(d)(3) Claims herein. All rights to contest the allowance of any Objecting Landlord 365(d)(3) Claim are fully reserved and any objection to such claim must be filed within forty-five (45) days of the Objecting Landlord 365(d)(3) Bar Date (the "**365(d)(3) Objection Deadline**"). If an Objecting Landlord does not file an Objecting Landlord 365(d)(3) Claim on or before the Objecting Landlord 365(d)(3) Bar Date, any such claim shall be waived and forever barred. If the Trustee does not file an objection to an Objecting Landlord 365(d)(3) Claim on or before the 365(d)(3) Objection Deadline, such claim shall be allowed; and it is further

ORDERED that except as otherwise specifically provided in this Order, each Landlord reserves all rights to file any general unsecured claim and/or any rejection damages claim; the Trustee's rights to object to any such claim are fully reserved; and it is further

ORDERED that if any Landlord wishes to apply a cash security deposit (the "**Security Deposit**"), such Landlord shall provide the Trustee with written notice to the Trustee's counsel of its request to do so (the "**Request**"), which notice shall include information on the amount of the Security Deposit, segregated account information, including the name of the financial institution where the Security Deposit is held, and the amount of its prepetition claim, which may include any prepetition unpaid rent amounts, additional prepetition rent and other unpaid prepetition

obligations under the Lease or otherwise owed to such Landlord, and any prepetition rejection damages claims. If the Trustee does not object to the Request within fourteen (14) days of the date of submission of such Request, such Landlord may, pursuant to section 553(a) of the Bankruptcy Code and notwithstanding the automatic stay, exercise any and all rights of setoff which it may hold with respect to its Security Deposit, contractual rights or other obligations of any kind or nature of any type whatsoever.  The Trustee reserves the right to object to any Request and the right to contest the validity of any Security Deposit.  If the Trustee objects within the period prescribed above, the Landlord may seek such relief from the Court; and it is further

ORDERED that the Trustee reserves her rights to object on any and all grounds to any proofs of claim, administrative expense claims, and requests for payment filed by the Landlords, including the Objecting Landlords, and other parties to the Leases; and it is further

ORDERED that the Court shall retain jurisdiction to hear and to determine all matters arising from, or relating to, the implementation of this Order.

Dated: New York, New York
      December 31, 2020

                                /s/ *James L. Garrity, Jr.*
                                Honorable James L. Garrity, Jr.
                                United States Bankruptcy Judge