ARCHER & GREINER, P.C.
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 682-4940
Gerard DiConza (gdiconza@archerlaw.com)
Lance A. Schildkraut (lschildkraut@archerlaw.com)

*Counsel for the Chapter 7 Trustee*
*Angela Tese-Milner*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

FLYWHEEL SPORTS PARENT, INC., *et al.*,   Chapter 7
                                          Case Nos. 20-12157 (JLG)

            Debtors.[1]                   (Jointly Administered)
-------------------------------------------------------------x

## TRUSTEE'S APPLICATION FOR AN ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS OF NON-DEBTOR THIRD PARTIES

TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:

       Angela Tese-Milner, Esq., the chapter 7 trustee (the "**Trustee**") of the estates of the above-captioned debtors (collectively, the "**Debtors**"), by her undersigned attorneys, submits this Application for an order, substantially in the form annexed hereto as Exhibit A, pursuant to Federal Rule of Bankruptcy Procedure Rule 2004, authorizing the Trustee to issue subpoenas for the production of documents of certain non-Debtor banks and financial institutions. In support of this Application, the Trustee respectfully states:

---

[1]     The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Flywheel Sports Parent, Inc. (9114), Flywheel Sports, Inc. (5002), Flywheel Astor Place LLC (5002), Flywheel Buckhead LLC (5002), Flywheel CCDC, LLC (5002), Flywheel NM LLC (5002), Flywheel Park Avenue LLC (5002), Flywheel Playa Vista, LLC (5002), Flywheel San Francisco, LLC (5002), Flywheel Topanga, LLC (5002 ), Flywheel Walnut Creek LLC (5002), Flywheel Sports Scottsdale, LLC (5002), Flywheel Santa Monica, LLC (5002), Flywheel Williamsburg LLC (5002), Flywheel Domain LLC (5002), and Flywheel Denver Union Station, LLC (5002).

## SUMMARY OF THE RELIEF REQUESTED

1. For the Trustee and her professionals to analyze the Debtors' financial affairs, the Trustee requires certain information and documents from the Debtors' banks, which have not yet been produced. Accordingly, the Trustee files the instant Application directing the production of the requested documents and information from the banks pursuant to Bankruptcy Rule 2004.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The relief requested by this Application is supported by Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 45 of the Federal Rules of Civil Procedure (the "**Federal Rules**").

## BACKGROUND

6. On September 14, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee was thereafter appointed the chapter 7 trustee of the Debtors' bankruptcy estates.

7. On October 13, 2020, the Debtors filed their respective Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Schedules**"). A section 341(a) meeting of creditors was held on October 26, 2020.

8. Prior to the Covid-19 pandemic, the Debtors were the second largest spin bike operators in the United States, operating spin cycling boutiques and studios in approximately forty locations throughout the United States. As a result of the pandemic, the Debtors closed their studios in March 2020 and ceased operating as of the Petition Date.

9. Since her appointment, the Trustee made informal document requests on the Debtors, their former counsel and other parties regarding bank statements and other banking information. The Trustee also reviewed the Debtors' servers and obtained access to the Debtors' financial records on the NetSuite cloud-based accounting software operated by Oracle America, Inc. Through the efforts of the Trustee and her professionals, the Trustee has obtained several bank statements for the Debtors' accounts, but not all statements and related banking information.

10. For the Trustee and her professionals to analyze the Debtors' financial affairs and the nature and extent of potential estate claims, they must review relevant bank statements, cancelled checks and related documentation. The Trustee believes that the banks and financial institutions below all had accounts with Debtor, Flywheel Sports, Inc. ("**FSI**"), and have information related to the Debtors, their financial affairs, and potential estate claims.

## **RELIEF REQUESTED**

11. By this Application, the Trustee seeks an order, pursuant to Bankruptcy Rule 2004 and substantially in the form annexed hereto as Exhibit A (the "**Proposed Order**"), authorizing the issuance of subpoenas compelling the production of bank

statements and other documents from the following banks and financial institutions (collectively, the "**Bank Parties**"):

    a. SunTrust Bank, FSI Acct No. ending x3316
    b. Bank of America, FSI Acct No. ending x1381
    c. Wells Fargo, FSI Acct No. ending x1898
    d. Peapack-Gladstone Bank, FSI Acct No. ending x4681
    e. JP Morgan Chase Bank, FSI Acct No. ending x1601.

## BASIS FOR RELIEF

12. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity" with regarding to the "acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Bankruptcy Rule 2004(a)-(b).

13. The scope of a Bankruptcy Rule 2004 examination is very broad. *See In re Ecam Publications, Inc.,* 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) ("the scope of a Rule 2004 examination is so broad that it can be in the nature of a 'fishing expedition'") (internal citations omitted); *In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." *Id*. *See also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *In re Silverman*, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

14. The production of documents and/or electronic files from the Bank Parties are necessary to investigate the Debtors' assets and to assure the prompt and orderly administration of the Debtors' estates. While the Trustee has received and reviewed a significant amount of bank statements and other financial records, the entry of the Proposed Order is necessary because the Trustee is missing statements and other documents from the Bank Parties. The production of statements, the Debtors' records and other documents from the Bank Parties is essential to, among other things, determine whether avoidance claims exist, whether the Debtors' Petition and Schedules are accurate and what assets and other causes of action may exist for the benefit of the estates. The Trustee believes that these questions can be answered only by obtaining and examining the books, records, documents and information from the Bank Parties.

15. For the foregoing reasons, the Trustee respectfully submits that she has demonstrated ample cause and right to conduct the examinations of, and request the production of documents and/or electronic files from, the Bank Parties.

## **PROPOSED PROCEDURE**

16. The Trustee proposes that the production of documents or electronic files be made at the offices of Trustee's counsel, Archer & Greiner, P.C., 1211 Avenue of the Americas, 27th Floor, New York, New York, 10036, Attention Gerard DiConza (gdiconza@archerlaw.com) and/or Lance Schildkraut (lschildkraut@archerlaw.com).

17. In accordance with Bankruptcy Rule 2004(c), the Trustee proposes to serve the Bank Parties with the Proposed Order and subpoenas *duces tecum* requesting such documents and/or electronic files as are required to assist with the Trustee's administration of the Debtors' estates. At this time, it is anticipated that those documents

will include bank statements, cancelled checks and related banking documents. The Trustee proposes to serve the Proposed Order and subpoenas at least 21 days prior to the due date for any documents and/or electronic files.

18. The Trustee submits that the foregoing procedures will give fair and adequate notice to the Bank Parties and are consistent with Bankruptcy Rules 2004 and 9016.

## NOTICE

19. Notice of this Application has been given by email to (a) counsel for the Debtors, (b) the Office of the United States Trustee for the Southern District of New York, and (c) those parties who have filed a notice of appearance and request for service of documents. Upon entry of the Proposed Order, the Trustee will serve the Proposed Order and issue subpoenas on the Bank Parties who will then have ample opportunity to seek protection from this Court. Based upon the foregoing, the Trustee submits that such notice be deemed fair and adequate.

## NO PRIOR REQUEST

20. No prior application or motion for the relief requested herein has been made to this or any other court.

21. This Application includes citations to the applicable rules and statutory authorities upon which the relief requested is predicated. Accordingly, the Trustee respectfully submits that this Application satisfies the requirements of Local Bankruptcy Rule 9013-1(a).

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, and grant such other and further relief as is just and proper.

Dated: New York, New York
       August 10, 2021                             ARCHER & GREINER, P.C.

                                           By:    /s/ Gerard DiConza
                                                  Gerard DiConza
                                                  Lance A. Schildkraut
                                                  1211 Avenue of the Americas
                                                  New York, New York 10036
                                                  Telephone: (212) 682-4940
                                                  Email:  gdiconza@archerlaw.com
                                                                     lschildkraut@archerlaw.com